J-S48021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL RONALD SABO, | : | |
| | : | |
| Appellant | : | No. 2003 WDA 2014 |

Appeal from the Judgment of Sentence October 3, 2014,
Court of Common Pleas, Westmoreland County,
Criminal Division at No. CP-65-CR-0003828-2012

BEFORE: PANELLA, DONOHUE and WECHT, JJ.

JUDGMENT ORDER BY DONOHUE, J.:             **FILED AUGUST 11, 2015**

Paul Ronald Sabo ("Sabo") appeals from the judgment of sentence entered following his convictions of aggravated assault, simple assault, recklessly endangering another person, and endangering the welfare of children.[1]  Sabo was charged with these crimes based upon allegations that he abused his girlfriend's two-year-old daughter.  On October 3, 2014, Sabo entered a negotiated plea, which provided that he would plead guilty to these offenses in exchange for a sentence of thirty to sixty-six months of incarceration.  Sabo subsequently filed a motion seeking to withdraw his guilty plea, alleging that it was not entered into knowingly, intelligently or voluntarily.  Following a hearing, the trial court denied the motion.[2]

---

[1]  18 Pa.C.S.A. §§ 2702, 2701, 2705, 4304.

[2]  It became clear at the hearing that Sabo was claiming that his counsel induced his plea. As noted by counsel and the trial court, this claim is properly raised through a PCRA petition.  N.T., 11/13/14, at 2-4, 8.

This timely appeal follows, in which Sabo presents only the following issue for our review: "Did the [t]rial [c]ourt err in failing to offer [Sabo] the opportunity to offer testimony in support of his request to withdraw his guilty plea?" Sabo's Brief at 3. Sabo did not include this issue in his court-ordered statement of matters complained of on appeal. It is well settled that issues not included in a court-ordered Rule 1925(b) statement of matters complained of are waived for purposes of appeal. ***Commonwealth v. Jackson***, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has repeatedly reiterated that this is a bright-line rule and that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005); ***see also Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Here, as the trial court ordered Sabo to file a statement of matters complained of on appeal and he failed to include this issue therein, we must find that it has been waived. As the issue presented in this appeal has not been preserved properly, we quash.

Appeal quashed.

Judgment Entered.

- 2 -

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015